**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-62788-KUNTZ**

**ANGEL EMILIO QUINTERO-ESCOBAR,**

Petitioner,
v.

**GARRET J. RIPA,** *et al.*

Respondents.
_________________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Reply to Defendants' Response to Petition for Writ of Habeas Corpus [ECF 8], filed on October 13, 2026. Previously, the Court received a Petition for Writ of Habeas Corpus [ECF 1], filed on October 2, 2026 by Angel Emilio Quintero-Escobar, and as such, ordered the government to show cause why it should not be granted [ECF 4]. However, after reviewing the Petition [ECF 1], Response to Order to Show Cause [ECF 6], Reply [ECF 8]and applicable law, the Petition is **DENIED**.

***Background***

The petitioner is a fifty-three-year-old Cuban national. [ECF 1-6 at page 2]. He entered the United States illegally from Mexico on June 5, 2022, when Border Patrol encountered him near San Luis, Arizona. [ECF 6 at page 2]. Two days later, U.S. Customs and Border Protection (CBP) inspected and released the petitioner with a Notice to Appear (NTA) charging him with inadmissibility under Section

212(a)(6)(A)(i) of the Immigration and Nationality Act (codified under 8 U.S.C. § 1182(a)(6)(A)(i)). *Id.*

On October 28, 2022, Quintero-Escobar sought asylum. [ECF 1 at page 8]. Two years later, he applied for adjustment under the Cuban Adjustment Act. *Id.* Now, since entering without inspection, he claims to have always complied with the Alien Registration Act and attended all immigration-related appointments. *Id.* at 9.

Yet, on August 2, 2026, Florida Fish and Wildlife detained the petitioner during a routine check of fishing licenses, and despite finding a valid fishing license, transferred him to the custody of Immigration and Customs Enforcement (ICE). *Id.* Subsequently, on September 25, 2026, an Immigration Judge (IJ) denied him bond because he posed a "flight risk." [ECF 1-5 at page 1]. However, there was no similar finding as to dangerousness. [ECF 1 at page 9]. Conversely, many exhibits, including several letters from permanent residents and American citizens, contend that the petitioner has not broken any other laws during his removal proceedings. [ECF 1-6 at pages 12, 26, 30, 32, and 35]. While the Petition requests immediate release *inter alia* [ECF 1 at page 18], it is improper for the following reasons.

## I. LEGAL STANDARD

Under 28 U.S.C. § 2241(a), a district court may grant a writ of habeas corpus as "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (internal quotation marks omitted). So, petitioners who demonstrate unlawful detention under the Constitution or federal law may warrant immediate release under 28 U.S.C. § 2241(c)(3). Fundamentally, habeas relief is discretionary. *See*

*Withrow v. Williams*, 507 U.S. 680, 716-19 (1993); *see also Hernandez v. Warden, Krome Serv. Processing Ctr.*, No. 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026). But courts may exercise jurisdiction over certain challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II. DENIAL OF RELIEF

In this case, the Petition poses no genuine challenge, where others have failed on similar facts. *See Castro-Menendez v. United States Immigr. & Customs Enf't*, No. 26-cv-62209, 2026 U.S. Dist. LEXIS 224141, at *1 (S.D. Fla. Sept. 29, 2026) ("Petitioner is a native and citizen of Cuba who entered the United States near San Luis, Arizona, on or about August 13, 2021, without being admitted or paroled after inspection by an immigration officer."). Considering the Petition's three counts, habeas relief is inappropriate based on (A) the failure to exhaust, (B) the jurisdiction-stripping language of 8 U.S.C. § 1226(e), and (C) the lack of an unlawfully long detention.

### *A. Failure to Exhaust Administrative Remedies*

First, petitioners for habeas relief must generally exhaust available administrative remedies beforehand. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although this Court's jurisdiction does not turn on exhaustion, district courts cannot ignore a petitioner's failure to exhaust, while granting relief on the merits, once respondents properly assert the defense. *Id.* at 474-75.

In this case, even if the Court disagreed with the IJ's denial of bond, administrative remedies would remain wide open. *See Rojas-Hernandez v. Warden,*

*Ice-Ero Ctr. Miramar*, No. 26-cv-61662, 2026 U.S. Dist. LEXIS 152925, at *2 (S.D. Fla. July 10, 2026). Crucially, the government also supports the denial of bond by citing, for example, an opinion by then-Judge Sotomayor on the limited exceptions to exhaustion, which are equally unmet here. [ECF 6 at page 5]. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.) ("It would not have been futile for Beharry to raise his claim… before the IJ or BIA."). Again, the petitioner has not appealed to the BIA. [ECF 8 at page 2].

Yet, under Eleventh Circuit precedent, 8 U.S.C. § 1226 applies to aliens like the petitioner. *See Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026). Hence, like the petitioner, "Hernandez Alvarez ha[d] no criminal history." *Id.* at 1263. So, the BIA must "apply the precedent of the relevant court of appeals in cases arising within the associated circuit - even if the Attorney General or the BIA itself disagrees with that precedent." *Garcia v. Garland*, 73 F.4th 219, 230 n.7 (4th Cir. 2023) (internal quotation marks omitted); *see also Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (internal quotation marks omitted)).

Put differently, the petitioner wrongly assumes that "appealing to the BIA in this instance is futile." [ECF 8 at page 2]. Relatedly, the petitioner also seems confused about the governing law, where the government notes that "the Petitioner requested and was granted an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)" [ECF 6 at page 4], whereas Count III alleges "Respondents' reliance on **§**

**1225(b)(2)** to deny Petitioner a bond hearing" [ECF 1 at page 17] (emphasis added). While the Supreme Court has recently granted cert to a case resembling the facts of *Hernandez Alvarez*,[1] a timely request to the BIA for redetermination would not be futile under "*Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025)," predating *Hernandez Alvarez. Id.*

In short, federal regulations require a bond hearing before an immigration judge and not this Court. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (following Section 1226, "DHS may arrest and detain the alien 'pending a decision on whether the alien is to be removed from the United States.'"); *see also McGee v. Warden*, 487 F. App'x 516, 518 (11th Cir. 2012) ("Because [the petitioner] did not exhaust his administrative remedies, the district court did not have jurisdiction to review his § 2241 petition."). The Court declines to supplant the IJ or remedy of appealing to the BIA.

***B. Jurisdictional Bar of 8 U.S.C. § 1226(e)***

Elsewhere, the government also refers to the INA's jurisdiction-stripping language of 8 U.S.C. § 1226(e). But to the extent that the Petition challenges the IJ's judgment as "arbitrary" per Count I, the Supreme Court has "express[ed] no view about what 'discretionary judgment' means." *Patel v. Garland*, 596 U.S. 328, 341-342 (2022). In the Eleventh Circuit, jurisdiction is solely limited to final orders of removal. *See* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1); *see also Jaggernauth v. United States AG*, 432 F.3d 1346, 1350 (11th Cir. 2005). Hence, an "IJ's bond or custody determination

[1] *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *see also Perez v. Gonzalez*, No. 26-CV-62467, 2026 WL 2792870, at *1 (S.D. Fla. Sept. 10, 2026).

'shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding' and… [i]n any event, the INA provides that the Attorney General's discretionary determination regarding bond is not reviewable. *See* INA § 236(e), **8 U.S.C. § 1226(e)**." *San Agustin v. U.S. AG*, No. 19-12261-K, 2019 U.S. App. LEXIS 23334, at *1-2 (11th Cir. Aug. 2, 2019) (emphasis added); *see also Dixit v. United States AG*, No. 19-11249-B, 2019 U.S. App. LEXIS 18146, at *1-2 (11th Cir. June 17, 2019) (finding a bond determination unreviewable under 8 U.S.C. § 1226(e)); *see also Riley v. United States AG*, No. 21-10175-H, 2021 U.S. App. LEXIS 33876, at *1 (11th Cir. Nov. 15, 2021) (deeming judicial review inappropriate because of 8 U.S.C. § 1226(e)); *see also United States v. Velasquez*, 524 F.3d 1248, 1249 (11th Cir. 2008) ("Whether he should have been detained or released during the pendency of his immigration proceedings was a matter for an immigration judge to decide, and the district court lacks jurisdiction over immigration matters.")

Again, "as [the Supreme Court] explained, §1226(e) precludes an alien from challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Demore* v. *Kim*, 538 U. S. 510, 516 (2003). However, §1226(e) does not preclude "challenges [to] the statutory framework that permits [the alien's] detention without bail." *Id.* at 517. That said, the Petition makes no such challenge. *See generally* [ECF 1]. Incidentally, at least some members of the Supreme Court "continue to agree with Justice O'Connor's concurring opinion in *Demore* v. *Kim*, 538 U. S. 510 (2003), which explained that §1226(e) 'unequivocally deprives federal courts of jurisdiction to set

aside any action or decision by the Attorney General' regarding detention." *Jennings v. Rodriguez*, 583 U.S. 281, 323 (2018) (Thomas, J., concurring).

Regardless, the Petition surely admits at least some discretionary judgment. Thus, it claims that "the IJ took issues with the the [sic] Petitioner's three-year employer's verification letter because it failed to explicitly state Petitioner's exact hourly or salary earnings." [ECF 1 at page 11]. Likewise, it states that "the IJ also arbitrarily minimized Petitioner's deep family ties by stating that he 'only' had a United States Citizen (USC) granddaughter." *Id.* Importantly, "[d]espite *Sopo* being vacated as moot, courts within this Circuit continue to rely on it as persuasive authority in determining whether prolonged pre-removal detention passes constitutional muster." *J.D.O.M. v. Ayala*, No. 2:26-cv-00445, 2026 U.S. Dist. LEXIS 154082, at *8 (M.D. Ala. July 13, 2026). To that end, the *Sopo* Court considered and condemned another argument suggesting that the government bore the burden of proof as to any denials of bond. *See Sopo v. United States AG,* 825 F.3d 1199, 1219-20 (11th Cir. 2016). But once more, "the Attorney General's decision regarding detention, bond, or parole is not reviewable by the courts." *Id.* at 1208.

### *C. Lack of an Unlawfully Long Detention*

Notably, up to six months' detention is also presumptively constitutional. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Here, the Petition has had a bond hearing but mentions detention for "almost two month [sic]." [ECF 1 at page 16]. Of course, the petitioner can contest the IJ's conclusions, but his conclusory statements about the IJ's purportedly faulty analysis fail to overcome the government's legitimate

interests in combating flight risk, which *Zadvydas* does not disturb (and the Supreme Court has not limited). *Id.* at 690.

ICE has held the petitioner for approximately 70 days. [ECF 6-6 at page 1]. And alien detainees have no right to an individualized bond hearing for at least the first six months pending removal under *Demore v. Kim*, 538 U.S. 510 (2003). *See Morales v. Noem*, --- F. Supp. 3d ---, No. 25-cv-62598, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026). Moreover, even "[a]fter this 6–month period [elapses]," the alien must still "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" before "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

## III. CONCLUSION

In short, the Petition is premature and, as pled, does not entitle the petitioner to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 U.S. Dist. LEXIS 158467, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026). Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED**. Further, the Clerk of Court must **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE** in Fort Lauderdale, Florida on this 15th day of October 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record